UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES MACABE, | No. 2:24-cv-3090 AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. ECF No. 2. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2); ECF Nos. 2, 5. Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

////

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a), 1915(b)(1). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     Factual Allegations of the Complaint

The complaint names defendant California Department of Corrections and Rehabilitations ("CDCR") as the sole defendant and alleges that on March 7, 2024, two CDCR correctional officers from California State Prison Folsom ("CSP-Folsom") violated plaintiff's Eighth Amendment right and were negligent when they transported him to Pelican Bay State Prison ("PBSP"). ECF No. 1 at 3. Plaintiff alleges the officers handcuffed him using a black box that they are not supposed to use anymore due to it causing injury. Id. When plaintiff yelled for help

1  and to have the handcuffs loosened during the transport, the CDCR officers turned up the music
2  and ignored him for four hours.  Id. at 3, 6.  Upon arrival at Pelican Bay State Prison, plaintiff's
3  hands had cuts and abrasions and were so swollen that they had to use ankle cuffs on his wrist.
4  Id. at 3.  As a result, plaintiff has scars and suffers from tissue and nerve damage.  Id.
5       By way of relief, plaintiff seeks monetary compensation.  Id. at 6.
6     III.    Failure to State a Claim
7       Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the
8  complaint does not state a valid claim for relief against CDCR for two, related reasons: (1) CDCR
9  is entitled to sovereign immunity under the Eleventh Amendment, and (2) CDCR cannot be sued
10  under section 1983 because CDCR is not a "person" under the statute.
11       Although plaintiff's factual allegations are sufficient to state an Eighth Amendment claim
12  against the two CDCR officers who transported him from CSP-Folsom to PBSP, he fails to state a
13  claim against them because he has not named them in the *title* of the complaint.  See Federal Rule
14  of Civil Procedure 10(a) ("Every pleading must have a caption with the court's name, a title, a file
15  number, and a Rule 7(a) designation.  The title of the complaint must name *all* the parties."
16  (emphasis added)).  To the extent plaintiff does not know their names, at this stage he may refer
17  to them as Doe defendants (e.g. Doe #1, Doe #2, etc), but he must list them in the title (i.e. list
18  them as defendants on page one of the complaint).
19       To the extent plaintiff is also attempting to state a negligence claim, he fails to do so
20  because he has not alleged compliance with the California Government Claims Act.
21       Because of these defects, the court will not order the complaint to be served on
22  defendants.  Plaintiff may try to fix these problems by filing an amended complaint.  In deciding
23  whether to file an amended complaint, plaintiff is provided with the relevant legal standards
24  governing his potential claims for relief which are attached to this order.  See Attachment A.
25     IV.    Legal Standards Governing Amended Complaints
26       If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions
27  about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,
28  423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named

3

1  defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

2  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

3  connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

4  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

5  participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

6  268 (9th Cir. 1982) (citations omitted).

7  　　　　Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

8  his amended complaint complete.  Local Rule 220 requires that an amended complaint be

9  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

10 amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

11 1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no

12 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

13 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

14 　　　V.　　　Plain Language Summary of this Order for Party Proceeding Without a Lawyer

15 　　　　Your complaint will not be served because the facts alleged are not enough to state a

16 claim.  You are being given a chance to fix these problems by filing an amended complaint.  If

17 you file an amended complaint, pay particular attention to the legal standards attached to this

18 order.  Be sure to provide facts that show exactly what each defendant did to violate your rights.

19 **Any claims and information not in the amended complaint will not be considered.**

20 　　　　　　　　　　　　　　　　　　　CONCLUSION

21 　　　In accordance with the above, IT IS HEREBY ORDERED that:

22 　　　1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

23 　　　2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

24 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

25 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

26 appropriate agency filed concurrently herewith.

27 　　　3.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28

28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: October 28, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I.   Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

II.   Eleventh Amendment Sovereign Immunity

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief." See Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010); Fireman's Fund Ins. Co., v. City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) ("The Eleventh Amendment bars suits which seeks either damages or injunctive relief against a state, 'an arm of the state', its instrumentalities, or its agencies."). A suit against CDCR is barred by the Eleventh Amendment. Brown v. California Dep't of Corr., 554 F.3d 747,

1

1  752 (9th Cir. 2009); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989) (only

2  "person[s]" may be sued for depriving civil rights under § 1983, and states are not "person[s]"

3  within the meaning of § 1983).

4      The Eleventh Amendment, however, does not bar suits seeking damages against state

5  officials in their individual capacities. Hafer v. Melo, 502 U.S. 21, 30-31 (1991). Nor does it bar

6  suits seeking only prospective declaratory or injunctive relief against state officers sued in their

7  official capacities. Will, 491 U.S. at 71 (state officials sued in their official capacity for

8  prospective relief are "person[s]" within the meaning of § 1983").

9      III.    Eighth Amendment

10      "The Constitution does not mandate comfortable prisons, but neither does it permit

11  inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and

12  citation omitted). "[A] prison official violates the Eighth Amendment only when two

13  requirements are met." Id. at 834.

14      "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Id. (quoting

15  Wilson v. Seiter, 501 U.S. 294, 298 (1991)). To be sufficiently serious, "a prison official's act or

16  omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Id.

17  (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). "[R]outine discomfort inherent in the

18  prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d

19  726, 732 (9th Cir. 2000). Rather, "extreme deprivations are required to make out a[n] [Eighth

20  Amendment] conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

21  "More modest deprivations can also form the objective basis of a violation, but only if such

22  deprivations are lengthy or ongoing." Johnson, 217 F.3d at 732.

23      Second, the prison official must subjectively have a "sufficiently culpable state of mind,"

24  "one of 'deliberate indifference' to inmate health or safety." Farmer, 511 U.S. at 834 (citations

25  omitted). "[T]he official must both be aware of facts from which the inference could be drawn

26  that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. He

27  must then fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at

28  847. If a prison official's response to a known risk is reasonable, they "cannot be found liable."

Id. at 845.  Negligent failure to protect an inmate from harm is not actionable under § 1983.  Id. at 835.

    IV.    Doe Defendants

Although the use of Doe defendants (unknown defendants) is acceptable to withstand dismissal at the initial screening stage, service of process for these defendants will not be ordered until such time as plaintiff has: 1) identified them by their real names through discovery; and, 2) filed a motion to amend the complaint to substitute their real names.  See Mosier v. Cal. Dep't of Corr. & Rehab., No. 1:11-cv-1034 MJS PC, 2012 WL 2577524, at *3, 2012 U.S. LEXIS 92286, at *8 (E.D. Cal. July 3, 2012), Robinett v. Corr. Training Facility, No. C 09-3845 SI (PR), 2010 WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at *12-13 (N.D. Cal. July 20, 2010).  Additionally, to state a claim against Doe defendants, plaintiff must allege conduct by each specific Doe defendant to establish liability under 42 U.S.C. § 1983.  This means that plaintiff should identify each Doe defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what each individual did to violate his rights.

    V.    State Law Claims

To state a viable state law claim against a state employee or entity, a plaintiff must allege compliance with the Government Claims Act.  See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1237 (2004) (for claims against the state, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint); Cal. Gov't Code § 900.6 (defining "State" as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller").  This requirement applies in federal court.  See Clapp v. City and County of San Francisco, 846 F. App'x 525, 526 (9th Cir. 2021) (affirming dismissal where plaintiff "failed to allege facts sufficient to show that he complied with, or was excused from, the claim presentment requirement of the California Government Claims Act" (citation omitted)).